**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROSIE BOBO and AMBER GRAYSON, | ) | |
| Each Individually and on Behalf of All | ) | |
| Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:18-cv-230-DPM |
| | ) | |
| LM WIND POWER BLADES (ND), INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION (WITH INCORPORATED BRIEF) FOR PRELIMINARY APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND NOTICE TO THE
SETTLEMENT CLASS**

COME NOW Plaintiffs, individually and on behalf of themselves and all others similarly

situated ("Plaintiffs") and Defendant LM Wind Power Blades (ND), Inc. ("Defendant")

(collectively, "the Parties") jointly submit this Motion for Preliminary Approval of Class and

Collective Action Settlement and Notice to the Settlement Class.

**I.      INTRODUCTION**

Plaintiffs have reached an agreement to settle this case with Defendant regarding

Defendant's alleged class and collective action violations of the Fair Labor Standards Act

("FLSA"), the Arkansas Code – including its minimum wage and overtime provisions, and the

North Dakota Century Code and Administrative Code – including their minimum wage and

overtime provisions.  The terms of the settlement are contained in the Parties' Joint Stipulation of

Settlement and Release Settlement Agreement ("Settlement Agreement") attached as Exhibit 1.[1]

Plaintiffs and Defendant now wish to begin the settlement approval process outlined in the

---

[1] Exhibit 1 also contains a proposed order of preliminary approval, the class notice, and claim forms.

*Manual for Complex Litigation (Fourth)* §§ 21.632-21.635 (2004).  They seek entry of an order:

- Certifying a collective action under the FLSA and a class action under Fed. R. Civ. P. 23 for purposes of settlement only including appointment of Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, as Class Counsel;

- Granting preliminary approval of the settlement;

- Approving the parties' proposed forms and methods of giving class members notice of the proposed settlement;

- Directing that notice be given to class members in the proposed forms and manner; and

- Setting a hearing on _____ on whether the Court should grant final approval of the settlement, and enter judgment, and award attorneys' fees and costs to Plaintiffs and Class Counsel.

The settlement provides substantial benefits via a Settlement Fund established for the benefit of the class members.  When approached about the issue, Defendant offered to provide a settlement fund based on an estimate of the total alleged back pay owed to potential class members, rather than trying to negotiate a discount.  A third-party Claims Administrator will administer the settlement claims process, monitored by all counsel.  Defendant will pay for the costs of the Administrator, which includes the cost of the notice by first class U.S. mailings. Defendant will pay Plaintiffs' attorneys' fees and expenses in an agreed-upon amount.

The proposed settlement addresses Plaintiffs' litigation objectives and falls within the range of possible final approval.  The settlement was negotiated by lawyers experienced in complex litigation.  For these reasons, the settlement enjoys a presumption of fairness and should be submitted to class members for their reaction.

II.    <u>**SUMMARY OF THE LITIGATION AND SETTLEMENT**</u>

    A.    <u>**The Litigation**</u>

The *Bobo* case was filed on or about April 2, 2018, in the Eastern District of Arkansas. Plaintiffs asserted claims against Defendant under the FLSA, the Arkansas Code, and the North Dakota Century Code and Administrative Code. Plaintiffs alleged, among other things, that Defendant failed to sufficiently compensate hourly-paid production employees for their overtime hours worked by failing to include attendance and production premium pay in the calculation of the employees' overtime wages.

    B.    <u>**Settlement Discussions**</u>

Plaintiffs' counsel and Defendant's counsel have engaged in extensive negotiations concerning the possible settlement of all claims, including telephonic negotiation sessions and an informal exchange of documents and other information. Through these settlement negotiations, the parties were able to agree upon a "Term Sheet" outlining the terms of the settlement agreement, including backpay to the class, attorneys' fees and costs.

    C.    <u>**The Terms of the Proposed Settlement**</u>

        1.    **Relief Available to Class Members**

Under the terms of the proposed settlement, Defendant will provide benefits to the certified FLSA, Arkansas Code, and North Dakota Century Code and Administrative Code class. The settlement class is comprised of all current and former non-exempt production employees who worked at Defendant's Little Rock, Arkansas and/or Grand Forks, North Dakota facilities at any time between April 2, 2015, and the date of the Order Granting Preliminary Approval and who received at least one production or attendance bonus during this period. There are approximately 1,250 such individuals. Defendant will create a settlement fund of $122,000.00.

The fund will cover all payment obligations of Defendant under this settlement other than attorneys' fees, costs and claims administration. Defendant will pay to each of the approximately 1,250 Class Members who submit timely claims using the agreed Claim Form – who are entitled to payment based on the records reviewed by both Parties – and fulfill the conditions of the claims procedure specified in this Settlement Agreement. The formula the Claims Administrator will use to determine each Class Member's share of the $122,000.00 settlement proceeds will be based on Defendant's records as set forth in the Settlement Agreement.

This amount is fair and reasonable in this case because throughout the relevant time period, as Plaintiffs allege, Defendant miscalculated in good faith the attendance and production premium pay in the calculation of Class Members' overtime rates, which caused Class Members to be under compensated.

### 2. Class Notice and Settlement Administration

The parties agree to Notice to the Settlement Class by first-class mail. The Parties selected the Claims Administrator, JND Legal Administration.

Defendant will pay the costs of the Claims Administrator, which includes the cost of class notice, accounting issues associated with the provision of W-2s to claiming Class Members, processing and distributing settlement checks to claiming Class Members, answering questions concerning administration of settlement and handling all settlement administration issues arising in the ordinary course of business.

Class Members will have sixty (60) days after the Notice is first mailed to submit their claim forms and ninety (90) calendar days from the date of initial mailing to cash their settlement checks. Any funds that are not cashed or negotiated will be void and a stop-payment will be

4

placed.  Defendant is entitled to any Settlement Fund residuals after all payments are made under the Agreement.

### 3.  Opt-Out and Release Provisions

Class Members will have sixty (60) days from the date on the Notice (the Claim Form Deadline) to object to the Settlement and to opt out of the Rule 23 Arkansas and North Dakota settlement.  Any objections to the Settlement must also be served by the Claim Form Deadline.

Except for those Class Members who object to the Settlement and opt out of the Rule 23 Arkansas and North Dakota settlement, all Class Members will be bound by the final approval order of the Rule 23 Arkansas and North Dakota settlement, the judgment, and the release of the Arkansas and North Dakota claims as set forth in the Agreement.

Only Class Members who file a consent form to participate in the settlement will be bound by the final approval order of the FLSA settlement, the judgment, and the release of the FLSA claims as set forth in the Agreement.

### 4.  Attorneys' Fees and Expenses

The Parties have agreed to an award to Class Counsel of Thirty-Seven Thousand Dollars ($37,000.00) in attorneys' fees and costs.  Because this amount agreed by the parties is over and above that amount which is set aside for the benefit of the Class, this award will not affect any Class Members' recoveries.

## III.  PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

### A.  The Settlement of a Class Action Is Favored And Should Be Preliminarily Approved If It Falls Within The Range of Reasonableness.

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged

litigation.  *See Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005) ("The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.").  *See also Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them. This may be especially true in the present context – a protracted, highly divisive, even bitter litigation, any lasting solution to which necessarily depends on the good faith and cooperation of all the parties."); *Schoenbaum v. E.I. Dupont De Nemours & Co.*, 2009 U.S. Dist. LEXIS 114080 (E.D. Mo. Dec. 8, 2009) ("Especially in the context of class actions, the federal judiciary has a strong policy of promoting and encouraging settlements between litigating parties."); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2004 U.S. Dist. LEXIS 23342 (W.D. Mo. Apr. 20, 2004) ("The policy in favor of settlement is so strong that such agreements are presumptively valid."); *Newberg on Class Actions* § 11.41 (Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").  "This policy is particularly appropriate in class actions: In the class action context in particular, 'there is an overriding public interest in favor of settlement" settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strains such litigation imposes upon already scarce judicial resources.'"  *Id.* (citing *Armstrong v. Board of School Directors*, 616 F.2d 305, 313 (7th Cir. 1980)).

Where, as here, the parties propose to resolve class action litigation through a class-wide settlement, they must obtain the Court's approval.  *See* Fed. R. Civ. P. 23(e).  The typical process for approval of class action settlements is described in the *Manual*, §§ 21.632-.634.  The steps are:

1. Preliminary approval of the proposed settlement at an informal hearing;

2. Dissemination of mailed and/or published notice of the settlement and fairness hearing to all affected class members; and

3. A "formal fairness hearing," or final approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

This procedure, commonly employed by federal courts, serves the dual function of safeguarding Class Members' procedural due process rights and enabling the Court to fulfill its role as the guardian of the Class Members' interests. *See Newberg*, § 11.25 (quoting *Manual for Complex Litigation* (Second) (1985)). "Under Federal Rule of Civil Procedure 23(e)(2), the Court may approve a Settlement Agreement only upon a 'finding that it is fair, reasonable and adequate.'" *Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 570 (S.D. Iowa 2011) (quoting Fed. R. Civ. P. 23(e)(2)). This determination is entrusted "to the sound discretion" of the district court. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975). When making this determination, "the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). "By definition, a fair settlement need not satisfy every concern of the Plaintiff Class, but may fall anywhere within a broad range of upper and lower limits. The essence of settlement is compromise . . . a solution somewhere between the two extremes. *Alliance To End Repression v. City of Chicago*, 561 F. Supp. 537, 548 (N.D. Ill. 1982).

The parties request that the Court take the first step in the settlement approval process and grant preliminary approval of the settlement.

### B.   The Proposed Settlement Negotiated By The Parties Enjoys A Presumption

**Of Fairness.**

At the outset, the settlement should be accorded a presumption of fairness. "A presumption of [fairness] applies to a class settlement reached in arm's-length negotiations between experienced, capable counsel." *Austin v. Metro. Council*, 2012 U.S. Dist. LEXIS 41750, *18-19 (D. Minn. Mar. 27, 2012); *see also* 4 Newberg § 11.41 (noting that where the settlement is the product of arm's-length negotiations between capable counsel experienced in complex class action litigation, the court should begin its analysis with a presumption that the settlement is fair and should be approved). Courts give "great weight" to and may "rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement." *Welsch v. Gardebring*, 667 F. Supp. 1284, 1295 (D. Minn. 1987). Additionally, the court "does not have the responsibility of trying the case or ruling on the merits of the matters resolved by the agreement . . . . Rather, the very purpose of compromise is to avoid the delay and expense of such a trial." *White v. Nat'l Football League*, 822 F. Supp. 1389, 1417 (D. Minn. 1993).

Here, the settlement is presumed fair and falls within the range of possible approval. The settlement was reached exclusively through arm's length bargaining over a period of months, through numerous written exchanges, and telephone conferences. Attorneys for Plaintiffs and attorneys for Defendant were present during the settlement negotiations. The parties extensively discussed the merits of the claims and defenses and the relief available to Class Members. After reaching a complete settlement agreement in principle, the parties turned their attention to documenting the settlement and exchanged draft settlement agreements, forms of Notice of the settlement, and claim forms.

In negotiating the settlement, Plaintiffs had the benefit of attorneys who are highly-experienced in complex litigation and familiar with the legal and factual issues of the case. In

Class Counsel's view, the settlement provides substantial benefits to the Class Members, especially when considering, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings.  On preliminary evaluation, the settlement here is presumptively fair and worthy of preliminary approval.

### C.    The Settlement Benefits Fall Within The Range Of Possible Recovery.

"The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for Plaintiffs on the merits, balanced against the amount offered in settlement.'"  *Buckley v. Engle*, 2011 U.S. Dist. LEXIS 59022 (D. Neb. June 2, 2011) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)).  The factors the courts are to consider are the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the Plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Moore v. Ackerman Investment Co.*, 2009 U.S. Dist. LEXIS 78725, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009).  The preliminary approval determination is not an ultimate determination of whether the settlement is fair, reasonable and adequate, however.  Rather, the Court must determine "whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing."  *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).  This necessarily involves a preliminary determination of the settlement's fairness, reasonableness and adequacy.  *See Manual*, § 21.632.  If the Court finds the settlement "within the range of possible approval," it should then order that the Class Members be notified of the settlement and of a formal fairness hearing to be held on the question of settlement approval.  *See*

*id.* at § 40.42 (model preliminary approval order).

Here, the settlement provides Class Members with substantial relief, without the delay and expenses of the trial and post-trial proceedings. Once Plaintiffs brought this lawsuit, and after conducting a fact investigation, Defendant offered to create a Settlement fund amount based on an estimate of the total alleged back pay owed to Class Members, rather than trying to negotiate a discount. The Agreement is also fair in that it permits ready access to the Settlement Fund for Class Members. Relief is available to many current and former non-exempt employees who worked at Defendant's Little Rock, Arkansas and/or Grand Forks, North Dakota facilities at any time between April 2, 2015, and the date of the Order Granting Preliminary Approval and who received at least one production or attendance bonus during this period, and who submit a timely, completed Claim and Release Form.

If the parties did not agree to settle the case, discovery, motions practice and a trial would be lengthy and expensive. The Class Members would face the risk of argument by Defendant that class certification is improper due to highly-individualized damages calculations, including cumbersome individual review of Defendant's records of each Class Members' pay and hours worked. Further, if the Class Members obtained a judgment in their favor, an appeal would likely follow. In light of those risks, the proposed settlement is a fair, reasonable and adequate compromise of the issues in dispute that provides meaningful relief to Class Members.

## IV. THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE

### A. Notice By First Class Mail is Sufficient When A Large Class is Present.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise,'

regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *See Manual for Complex Litigation* at §§ 21.632, 21.633. In order to protect the rights of absent Class Members, the Court must provide the best notice practicable to class members. *See Phillips v. Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985).

Notice by first class mail is practical when the names and addresses of most of the Class Members are known. *See Manual for Complex Litigation* at § 30.211. Neither Rule 23 nor due process require receipt of actual notice by all Class Members, rather, notice should be mailed to the last known addresses of those who can be identified and publication used to notify others. Newberg, § 8.04 (citing *Manual for Complex Litigation* at § 30.211; *see also Kandice Simmons & Tamika v. Enter. Holdings*, 2012 U.S. Dist. LEXIS 29366, *12 (E.D. Mo. Mar. 6, 2012) (approving mailed notice to last known addresses of a Settlement Class). If notices are returned as undeliverable, the Claims Administrator will perform a standard skip trace to find a better address for subsequent mailing.

Because the names and last known addresses of the individual Class Members are known by Defendant, the parties propose Notice through first class mail. A proposed Notice and Claim Form are included as Exhibits A and C to the Settlement Agreement. Under the circumstances of the present case, this Notice is consistent with applicable law and avoids unnecessary expense that would otherwise diminish the amount of the money available to Class Members. The Court should find that the Class Notice complies with the notice requirements imposed by Rule 23.

    **B.**    **The Proposed Form Of Notice Adequately Informs Class Members Of Their Rights In This Litigation.**

In an action proceeding under Rule 23(b)(3), the notice must inform each Class Member that "the court will exclude anyone from the class if he so requests [by a specified date]; the

judgment will include all members who do not request exclusion and any member not requesting exclusion may, if he desires, enter an appearance through counsel." Fed. R. Civ. P. 23(c)(2).

Here, the proposed Notice included in Exhibit 1 clearly and accurately discloses the information material to a Class Member's decision whether to accept, object to, or opt out of the settlement. The proposed Notice provides information on the proposed Settlement Class; the terms and provisions of the Agreement; the relief the settlement will provide; the date, time and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections.

The Notice is accurate and informs Class Members of the material terms of the settlement and their rights pertaining to it. The Court should approve the proposed form of Notice and direct that notice be given to the class as proposed by the parties.

## V.   **CONCLUSION**

For the foregoing reasons, the Court should grant preliminary approval of the proposed settlement and enter the accompanying Order of Preliminary Approval included as Exhibit B to the Settlement Agreeement.

Respectfully submitted this 28 day of November.

**SANFORD LAW FIRM, PLLC**

**MORGAN, LEWIS & BOCKIUS LLP**


By: */s/ Josh Sanford*
Josh Sanford
SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Ste. 411
Little Rock, AR 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

By: */s/ Leni D. Battaglia*
Leni D. Battaglia
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
leni.battaglia@morganlewis.com

***CLASS COUNSEL***

***ATTORNEYS FOR DEFENDANT***

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROSIE BOBO and AMBER GRAYSON, | ) | |
| Each Individually and on Behalf of All | ) | |
| Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:18-cv-230-DPM |
| | ) | |
| LM WIND POWER BLADES (ND), INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2018, I electronically filed the foregoing with the

Clerk of the Court using ECF which will send notification of such filing to the following:

Leni D. Battaglia, Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
leni.battaglia@morganlewis.com

_/s/ Josh Sanford_____
Josh Sanford

DB1/ 100174500.10

14