# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ROSIE BOBO; and AMBER GRAYSON,
Each Individually and on Behalf of
All Others Similarly Situated                      PLAINTIFFS

v.                  No. 4:18-cv-230-DPM

LM WIND POWER BLADES ND, INC.                  DEFENDANT

## ORDER

1. The Court notes the joint motion for preliminary approval of the proposed settlement. № 18. The deal has much to commend it. The structure is sound. Many of the details seem reasonable. Joint report on the Court's questions and concerns, plus any revised papers, due by 26 February 2019. If a hearing on whether to grant preliminary approval is needed, the Court will hold one at 9:00 a.m. on Tuesday, 5 March 2019 in Courtroom B-155 of the Richard Sheppard Arnold U.S. Courthouse in Little Rock.

2. Here are the issues the Court requests that the parties address.

- **Scrivener's errors?**
    - In § 7(b), the "and/or" before romanette (iii) seems to introduce ambiguity into the point system.

    - In § 16, after romanette (iii), is "the Court" missing? Perhaps it should be added in (ii) as well—"the Court construes the settlement . . . ."

- In the release provisions, for example § 18, the last phrase uses the word "derivate." This is an old and odd word, which the Court had to look up in the dictionary. Is there clear phrasing that is more likely to be understood by the workers in this case?

- On the notice, a period is omitted at the end of the bold sentences in the third box.

- **Substantive issues.**

    - §§ 12(c) and (d) on curing late and deficient claims seem a bit tight, given the preclusive effects on the Rule 23 class members. Plus, because LM Wind Power will get any undistributed settlement funds, the company would have an incentive to be unforgiving when deciding whether a claim gets paid or not.

    - Similar concerns on § 13(b): an untimely or defective opt out equals no money *and* release.

    - The release in § 19, № 18-1 at 16, is broader than the release in the notice form, № 18-1 at 26, 36.

    - The proposed agreement and claim form, § 13(a) and № 18-1 at 25, make it harder to opt out than to make a claim. This situation enhances some of the Court's other concerns.

    - In the claim notice, the first shaded box would be more accurate if reversed: Your options and legal rights.

- In the notice, the first box refers to the "class action settlement and release described above," but the release is not described above. Same problem with the third box. The release isn't described until several pages in.

- Does the notice statement prescribed by new FED. R. CIV. P. 23(c)(2)(B)(iv), about the right of class members to appear through counsel, apply in these circumstances? The Court tentatively concludes that it does. If so, revisions are needed.

- The overlapping nature of the FLSA and state law claims, and the procedural differences for settling them, is a complication. Would some kind of global explanation help folks better understand the circumstances?

- Could notice be enhanced through a website maintained by the claims administrator, with all relevant documents, rather than directing folks to the Court's website?

- In other similar cases, the Court has often heard the praise of electronic notice by text message. Would a short-form notice by text improve the flow of information and increase participation?

The Court looks forward to hearing further from the parties, and perhaps discussing these issues with counsel in due course.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 February 2019